ALB:CNR
F. #2019R

**19    653M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

CHARLES BULL,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

C O M P L A I N T

(18 U.S.C. § 2422(b))

EASTERN DISTRICT OF NEW YORK, SS:

        CINDY A. WOLFF, being duly sworn, deposes and states that she is a Special

Agent with the Federal Bureau of Investigation, duly appointed according to law and acting

as such.

        On or about and between July 23, 2019 and July 24, 2019, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant CHARLES BULL, using one or more facilities and means of interstate and foreign

commerce, to wit: the Internet and mobile Internet applications, did knowingly and

intentionally attempt to persuade, induce, entice and coerce an individual who had not

attained the age of 18 years to engage in sexual activity for which a person could be charged

with criminal offenses, to wit: attempted criminal sexual act in the second degree, in

violation of New York Penal Law Sections 130.45(1) and 110, and attempted

endangering the welfare of a child, in violation of New York Penal Law Sections 260.10(1) and 110.

(Title 18, United States Code, Section 2422(b))

The source of your deponent's information and the grounds for his/her belief are as follows:[1]

1.     I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since October 2005 and currently assigned to the Long Island Child Exploitation Task Force.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2.     On or about July 23, 2019, the FBI was investigating a Kik[2] chat room identified as "LongIslandDLMenOnly."[3]   One of the Kik chat room users identified during the investigation was display name "Charlie Blue" with user name "bullmusik" (the "Charlie Blue Account").   The Charlie Blue account responded to a post in the chat room in which a

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2]     Kik Interactive Inc. is a Canadian company that offers a free instant messaging mobile application (app), Kik Messenger. The app is commonly just called Kik. Kik markets itself as "the only chat platform built especially for teens and as a clear leader in chatbots, Kik will become the central hub for everyday life for teens across the world as we grow."[1] Through the app, users can transmit and receive messages, photos, videos, sketches, mobile webpages, and other content, both publicly (to all users or groups of users) and privately (to a specific user).

[3]     Based on my training and experience and participation in this investigation, the Kik chat room "LongIslandDLMenOnly" is a chat room where people communicate about homosexual sexual activity that is covert in nature and the designation "DL" implies "down low," or hidden.

father – who was actually an undercover law enforcement officer - posted that he was on vacation with his son on Long Island and looking for things to do.   The Charlie Blue account then sent a private message to the "father" asking for more information, which initiated a further conversation over private messages.   During the conversation, the Charlie Blue account asked about the sexual orientation of the father and the son and the son's age, which was stated as 13 years old.   Also during the conversation, the Charlie Blue account expressed interest in pursuing sexual activities with the son and made arrangements to meet the father at a coffee shop in Farmingdale, New York to determine the validity of the father's statements.

3.       Later that day, at approximately 4:00 p.m., the FBI was conducting surveillance at the coffee shop in Farmingdale, when the defendant CHARLES BULL arrived at the coffee shop and introduced himself to the "father" as "Charlie."   The defendant then requested to see photographs of the 13 year old son.   The "father" showed the defendant photographs purporting to be the 13 year old son who was allegedly at a nearby hotel and initiated a Kik private group chat with the Charlie Blue account, the "father's" account and an account that was purported to be the "son's" Kik account.   During the private group chat, the defendant discussed, in sum and substance, sexual acts that he hoped to perform with the 13 year old son and requested the son's hotel room number.   At approximately 5:15 p.m., the FBI observed the defendant arrive at the Melville, New York hotel where the son was purportedly located but did not enter the hotel as he was concerned that what he intended to do was illegal.

4.       On or about July 24, 2019, at approximately 7:16 a.m., the defendant CHARLES BULL reinitiated contact with the "father" and asked, in sum and substance,

what the father and son were doing that day, including "vetting prospects."   The defendant

then made arrangements to meet the father and the son at the hotel to engage in the

previously discussed sexual activities.   At approximately 4:14 p.m., the defendant arrived at

the hotel.   At approximately 4:31 p.m., the defendant entered the hotel and headed toward

the room in which the son was allegedly located.   Just prior to reaching the designated room,

the FBI arrested the defendant.   In his possession at the time of his arrest, the defendant had

three unopened condoms and a Xbox video game gift card.

       5.     Incident to his arrest, the defendant CHARLES BULL was advised of

his Miranda rights, appeared to understand those rights and agreed to waive those rights and

speak to the FBI.   Among other things, the defendant admitted, in sum and substance, that

he was at the hotel to engage in sexual activities with the 13 year old son and that he knew

what he was doing was illegal.   At approximately 5:50 p.m., the defendant reviewed and

signed a written statement in which he confessed to the crimes charged. In the written

statement, the defendant stated

> "I'm not going to lie, I was there to have sex with the 13 year old
> boy.   I know it was wrong, I can't hide that and I know theres
> consequences. I had the condoms and Xbox card with me, the
> condoms for sex with him if it got past oral sex and the gift card
> as a gift for the boy."

WHEREFORE, your deponent respectfully requests that the defendant

CHARLES BULL, be dealt with according to law.

CINDY A. WOLFF
Special Agent, Federal Bureau of Investigation

Sworn to before me this
____ day of July, 2019

THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK